IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SARAH DAVIS,

    Plaintiff,

v.

VARIETY WHOLESALERS, INC. d/b/a/
ROSES and JOHN DOE,

    Defendants.

Civil Action No.
1:18-cv-03519-SDG

## ORDER

This matter is before the Court on Defendant Variety Wholesalers, Inc. d/b/a Roses' Motion for Summary Judgment [ECF 30]. For the reasons stated below, Roses' motion is **GRANTED**.

## I.    BACKGROUND[1]

This case arises out of Plaintiff Sarah Davis' slip-and-fall incident that occurred at Roses' store in Decatur, Georgia on December 31, 2016.[2] At approximately 10:50 am, after completing her shopping, Davis began the process of checking out at a cash register operated by Roses' employee Janel

---

[1]    The facts described in this section are undisputed unless otherwise indicated.

[2]    ECF 35, ¶ 1.

Gresham.[3] While Gresham rang up Davis' merchandise, Davis exited the cash register area and began walking toward the front of the store to the area containing the shopping carts.[4] After walking 12-to-15 feet in a straight direction, Davis slipped on a clear clothes hanger laying on the floor and fell.[5] Gresham's back was turned to the cart area while she worked,[6] but she turned, saw Davis as she was in the process of falling, and went to her aid.[7] Gresham immediately reported the incident to David Glover, the store manager, who came to the scene of the fall, provided assistance to Davis, and filled out an incident report.[8] Davis remained at the store until approximately 1:00 pm, then drove herself to the emergency room for medical treatment.[9]

On July 17, 2018, Davis filed her Complaint in the State Court of Gwinnett County, alleging one count of negligence against Roses.[10] On July 23, 2018, Roses

---

[3]   *Id.* ¶ 2.

[4]   *Id.* ¶ 3.

[5]   ECF 36 (Davis Dep. Tr. 117:3–118:2).

[6]   *Id.* (Davis Dep. Tr. 117:21–23).

[7]   ECF 41, ¶ 3.

[8]   ECF 38 (Gresham Dep. Tr. 22:23–24:25).

[9]   ECF 36 (Davis Dep. Tr. 90:8–25).

[10]   ECF 1-1.

removed the case to this Court and filed its Answer.[11] On May 19, 2019, Roses filed

its Motion for Summary Judgment.[12] On June 7, 2019, Davis filed a response in

opposition to Roses' motion.[13] On June 21, 2019, Roses filed a reply in support of

its motion.[14]

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

("Under Rule 56(c), summary judgment is proper if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."). A fact is "material" only if it

can affect the outcome of the lawsuit under the governing legal principles.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is

---

[11]   ECF 1.

[12]   ECF 30.

[13]   ECF 35.

[14]   ECF 40.

"genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment has the burden of informing the district court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If a movant meets its burden, the party opposing summary judgment must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Id.* at 324.

In determining whether a genuine issue of material fact exists, the evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in favor of that party. *Anderson*, 477 U.S. at 255. *See also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions," and cannot be made by the court in evaluating summary judgment. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Summary judgment for the moving party is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*See also Celotex*, 477 U.S. at 323–24 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## III.   DISCUSSION

### a.   Legal Standard in a Slip-and-Fall Case[15]

Under Georgia law, "to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (1997). However, "an owner or occupier of land is not an insurer of the safety of its invitees" and the "mere occurrence of an injury does not create a presumption of negligence." *Lee v. Food Lion*, 243 Ga. App. 819, 820 (2000). *See also Robinson*, 493 S.E.2d at 408 ("The owner/occupier is not required to warrant the safety of all persons from all things."); *All Am. Quality Foods, Inc. v. Smith*, 340 Ga. App. 393,

---

[15]   In an action, such as this one, premised on diversity of citizenship subject matter jurisdiction, a federal court "must apply the controlling substantive law of the state" in which it sits. *Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232 (11th Cir. 1983) (*citing Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Thus, the Court must apply Georgia state law to the substantive issues underlying Davis' claims.

395 (2017) ("It is axiomatic that proof of a fall, without more, does not give rise to liability on the part of a proprietor."). A defendant "is entitled to summary judgment if there is no evidence that it had superior knowledge or the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant." *Norman v. Jones Lang Lasalle Ams., Inc.*, 277 Ga. App. 621, 624 (2006).

### b.    Roses' Knowledge of the Hanger

Davis does not contend Roses possessed actual knowledge that there was a hanger on the floor that caused her to slip. Instead, Davis argues Roses had constructive knowledge of the hanger, or that there is at least a genuine issue of fact as to whether Roses had constructive knowledge.[16] A plaintiff demonstrates an occupier's constructive knowledge of a hazard by showing that: "(1) [A] store employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it." *Johnson v. All Am. Quality Foods, Inc.*, 340 Ga. App. 664, 668 (2017).

---

[16]    ECF 35-2, at 7–10.

### i.    No Employee Was in the Immediate Vicinity to Have Easily Seen and Removed the Hanger.

Georgia law is clear that "showing an employee merely working in the immediate area of a foreign substance is not enough." *Flanagan v. Quiktrip Corp.*, No. 1:13-cv-3836-WSD, 2015 WL 3472957, at *4 (N.D. Ga. June 1, 2015). *See also Womack-Sang v. Publix Super Markets, Inc.*, No. 1:12-cv-4189-ODE, 2013 WL 12067480, at *8 (N.D. Ga. Nov. 1, 2013) ("The mere presence of an employee is insufficient to show that she could have easily seen and removed the hazard.") (*citing Mucyo v. Publix Super Mkts., Inc.*, 301 Ga. App. 599, 601 (2009)). Instead, "the employee must have been in a position to have easily seen the substance and removed it." *Mucyo*, 301 Ga. App. at 601.

It is undisputed that at least one employee—Janel Gresham—was in the vicinity of the shopping cart area where Davis fell.[17] Davis testified that another cashier was also located near the area where she fell, but further away than Gresham.[18] According to Davis' testimony, while Gresham rang up her merchandise at the cash register, Davis walked 12-to-15 feet in a straight line towards the front of the store.[19] Gresham had her back facing Davis and the cart

---

[17]    ECF 35, at ¶ 2–3.

[18]    ECF 36 (Davis Dep. Tr. 112:3–11).

[19]    *Id*. (Davis Dep. Tr. 114:6–115:20).

area as she worked.[20] Gresham testified that she did not see the hanger on the floor at any time prior to Davis' fall.[21] Indeed, Gresham stated that she would not have been able to see the hanger from her location even if she had looked because there were two counter walls blocking her view from the portion of the floor where the hanger lay.[22] Davis agreed and testified that, from Gresham's location, she would not have been able to see the hanger on the floor.[23] This forecloses the first prong of the constructive knowledge analysis. *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 518 (1998) (granting summary judgment in favor of defendant because plaintiff "admitted that the cashier probably could not have seen the hazard from where the cashier was standing" and "conceded that while a Kmart employee was in the immediate vicinity, she could not have easily seen and removed the hazard")).

Davis' reliance on *McConnell v. Smith & Woods Mgmt. Corp.*, is unpersuasive and does not create a genuine issue of material fact. 233 Ga. App. 447, 448 (1998). In *McConnell*, the court reversed the trial court's grant of summary judgment based on the defendant's argument that it lacked constructive knowledge of a grape

---

[20]   *Id*. (Davis Dep. Tr. 120:9–13); ECF 38 (Gresham Dep. Tr. 20:13–23).

[21]   ECF 38 (Gresham Dep. Tr. 20:13–23).

[22]   *Id*. (Gresham Dep. Tr. 49:15–24).

[23]   ECF 36 (Davis Dep. Tr. 120:14–18) ("Q: So from where she was standing, she couldn't see the hanger; correct? A: No.").

laying in the floor because employees were focused on their work tasks and not watching the plaintiff at the moment she fell. *Id*. The court held:

> To state that employees were focused on their tasks and not watching plaintiff at the time of her fall does not contradict the factual assertion that they were physically capable of seeing the loose grape *had they looked*.

*Id*. (emphasis in original).

*McConnell* is inapplicable to the facts here. Gresham was not watching Davis as she worked and Davis points to no evidence that Gresham was physically capable of seeing the hanger had she looked. Instead, the evidence compels the contrary conclusion.[24] This case is more similar to *Mitchell v. Food Giant, Inc.*, which the Georgia Court of Appeals declined to impute constructive knowledge to a premises occupier because the "area of the floor upon which the radish fell and upon which Ms. Mitchell stepped and/or slipped and fell was separated from the line of sight of the store employees by an aisle divider." 176 Ga. App. 705, 705 (1985). Therefore, under the first prong of the constructive knowledge test, Davis has not established a genuine issue of material fact.

---

[24]   *Id*. (Davis Dep. Tr. 112:3–11; 120:14–18); ECF 38 (Gresham Dep. Tr. 49:15–24).

### ii. The Hanger Did Not Remain on the Floor Long Enough that an Employee Should Have Discovered It.

Under the second prong of the framework, "[c]onstructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure." *Kauffman v. Eastern Food & Gas, Inc.*, 246 Ga. App. 103, 105 (2000). "[T]o prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." *Brown v. Host/Taco Venture*, 305 Ga. App. 248, 251 (2010). To defeat a motion for summary judgment, "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." *Higgins v. Food Lion, Inc.*, 254 Ga. App. 221, 222 (2002).

Under Georgia law, "absent some reason to be on notice of the likelihood of a given hazard arising, a proprietor is generally permitted a reasonable time after notice of a hazardous condition to exercise care in correcting such condition." *Pickering Corp. v. Goodwin*, 243 Ga. App. 831, 833 (2000) (citations omitted). "Although a proprietor has a duty to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect the invitee from foreseeable dangers on the premises, it is well settled that a proprietor is

under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous." *Brown*, 305 Ga. App. at 252 (internal citations omitted). Regardless of any inspection program, "when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." *Mucyo*, 301 Ga. App. at 601 (*citing Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (2002)).

Although what constitutes a reasonable "brief time" between an inspection and an incident has not been specifically defined, inspections conducted within 20-to-30 minutes prior to a slip-and-fall incident are routinely deemed reasonable as a matter of law. *See, e.g., Flanagan*, 2015 WL 3472957, at *9 (inspection conducted within 30 minutes before fall was adequate as matter of law); *Wallace v. Wal-Mart Stores, Inc.*, 272 Ga. App. 343, 346 (2005) (no constructive knowledge where employees had been through area where incident occurred 15-to-20 minutes prior and had not noticed hazard); *Higgins*, 254 Ga. App. at 222 (inspection conducted 35 minutes prior to plaintiff's fall was adequate as a matter of law to establish absence of constructive knowledge); *Hopkins*, 232 Ga. App. at 518 (inspection conducted 30 minutes before slip-and-fall was adequate as a matter of law); *Butler v. Lanier Park Reg'l Hosp.*, 220 Ga. App. 386, 387 (1996) (affirming summary

judgment for defendant based on lack of constructive knowledge where inspection was performed 20 minutes before accident); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133–34 (1994) (no constructive knowledge where inspection occurred 15-to-20 minutes before incident).

Here, it is undisputed that Davis fell at approximately 10:50 am.[25] Pursuant to Roses' routine inspection program, the cart area was inspected at 9:10 am and 11:15 am.[26] Between these scheduled inspections, Glover personally inspected the precise area where Davis fell 20 minutes before the accident.[27] According to Glover, this was not a planned inspection; rather, Glover visually scanned the cart area while traveling to Gresham's cash register to void a transaction and "would have noticed the area . . . to see if there [were] any hazards."[28] Glover testified that the cart area was clear of hazards at that time.[29] Glover also asserted that other inspections were completed by cashiers between 9:15 am and 11:15 am, but none

---

[25]   ECF 36 (Davis Dep. Tr. 134:24–135:14); ECF 37 (Glover Dep. Tr. 35:9–23); ECF 38 (Gresham Dep. Tr. 24:21–25).

[26]   ECF 37 (Glover Dep. Tr. 35:15–23).

[27]   *Id*. (Glover Dep. Tr. 57:10–15).

[28]   *Id*. (Glover Dep. Tr. 57:16–20).

[29]   *Id*. (Glover Dep. Tr. 57:16–58:2).

of those inspections were documented.[30] While Gresham did not recall Glover voiding a transaction at her register or the specific time Glover viewed the cart area,[31] she testified that Glover had been through and inspected the area prior to Davis' fall.[32]

Based on the undisputed material facts presented, Glover's inspection of the cart area 20 minutes prior to Davis' fall was reasonable as a matter of law and negates the possibility that Roses had constructive knowledge of the hazard. *Wallace*, 272 Ga. App. at 346 (affirming grant of summary judgment because "the unrefuted evidence shows that [two employees] had 'been through the area' 15 to 20 minutes before the fall and did not notice a grape on the floor").

Davis argues that Roses' "extensive use of hangers" and knowledge "of the problem of finding hangers on the floor" creates such an inherently high risk of danger that Roses' level of care must be decided by a jury.[33] On this issue, Georgia courts have held that, "when the nature of a business is likely to produce a spill or other hazard, frequent inspections may be necessary, and the reasonableness of an

---

30   *Id*. (Glover Dep. Tr. 35:24–36–8).

31   ECF 38 (Glover Dep. Tr. 27:5–8).

32   *Id*. (Gresham Dep. Tr. 26:17–21).

33   ECF 35-2, at 11.

inspection program is a question to be decided by the jury." *Crook v. Racetrac Petroleum, Inc.*, 257 Ga. App. 179, 181 (2002) (*citing Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748–749 (1999)). Here, while Gresham testified that she has picked up hangers from different areas of the store in the past,[34] she could not recall ever picking up hangers in the cart area or anyone falling in that area prior to Davis.[35] Glover, a 19-year employee of Roses, testified that he was unaware of, and had not handled any, slips and falls involving hangers at Roses.[36] The circumstances here differ from those in locations such as supermarkets and fast food restaurants where the nature of the business creates conditions which cause slip-and-falls to occur with regular frequency. *See Food Lion, Inc. v. Walker*, 290 Ga. App. 574, 576 (2008). Instead, neither Glover nor Gresham previously encountered a customer slip and fall on a hanger in the store. On the present facts, and in light of the requirement that Roses "exercise [ ] such diligence in making the premises safe as an ordinarily prudent proprietor would be accustomed to use under the circumstances," Roses exercised the ordinary care required of it to keep its common areas safe. *Patrick v. Macon Hous. Auth.*, 250 Ga. App. 806, 812–13 (2001).

---

[34] ECF 38 (Gresham Dep. Tr. 38:7–13).

[35] *Id*. (Gresham Dep. Tr. 38:14–25).

[36] ECF 30-6, ¶ 2; ECF 37 (Glover Dep. Tr. 50:13–20).

### c.    Davis Possessed Equal or Greater Knowledge of the Hanger.

Once a defendant "demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long the foreign substance had been allowed to remain on the floor." *Hopkins*, 232 Ga. App. at 518. To avoid summary judgment, Davis "must show that the substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Id*.

Davis testified that she did not know how long the hanger had been on the floor prior to her fall.[37] In fact, Davis stated she did not see the hanger at any time prior to her fall.[38] Instead, while walking in a straight direction from the register area to the cart area, Davis did not glance or look down at the floor.[39] Davis concedes that nothing obstructed her view and had she looked down at the floor from the standing position, she would have been able to see the hanger.[40]

---

[37]   ECF 36 (Davis Dep. Tr. 129:15–20).

[38]   *Id*. (Davis Dep. Tr. 110:11–111:8).

[39]   *Id*. (Davis Dep. Tr. 114:23–115:13).

[40]   *Id*. (Davis Dep. Tr. 115:14–23 ("Q: So you didn't glance down or look, but do you have any knowledge to know whether or not you would have been able to see the hanger on the floor had you looked from a standing position? A: Yes. Q: You would have been able to? A: Yes."); 116:15–18; 118:3–119:13).

Davis has failed to satisfy her burden. While Davis' admission that she failed to look at the floor while walking towards the cart area does not automatically establish her failure to exercise due care as a matter of law, *Robinson*, 493 S.E.2d at 414, the circumstances existing at the time and place of her fall indicate that Roses did not have superior knowledge of the hanger in relation to Davis. Based on Glover's visual inspection the cart area was free of hazards and the hanger was not on the floor 20 minutes before Davis fell.[41] As such, Davis was required to come forward with specific evidence creating a genuine issue of material fact concerning whether Roses' knowledge of the hanger was superior to her own. Davis has not satisfied that burden because, as she admits, the hanger could have fallen to the floor mere seconds before she did.[42] *See Carlton v. Wal-Mart Stores, Inc.*, 234 F. Supp. 2d 1358, 1361 (S.D. Ga. 2002) ("[W]here a substance falls just before a customer slips on it, as a matter of law no duty was violated because it would be silly to expect store personnel to follow each customer around and leap in front of each fallen grape."); *Drew v. Istar Fin., Inc.*, 291 Ga. App. 323, 327 (2008) ("[B]ecause [plaintiff] did not present evidence that [defendant] had actual or constructive knowledge of the existence of the puddle, we conclude that the trial court did not

---

[41]   ECF 37 (Glover Dep. Tr. 57:10–20).

[42]   ECF 36 (Davis Dep. Tr. 129:15–20).

err in granting summary judgment to [defendant].”); *Garrett v. Hanes*, 273 Ga. App. 894, 895 (2005) (“The true basis for an owner's liability is his superior knowledge of the existence of a condition that could subject his invitees to an unreasonable risk of injury.”).

Since there is no genuine issue of material fact that Roses had superior knowledge of the hanger on the floor, and the uncontradicted evidence demonstrates Davis' knowledge was equal to or greater than that of Roses, Roses is entitled to summary judgment.

## IV.   CONCLUSION

Based on the foregoing, Roses' Motion for Summary Judgment [ECF 30] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Roses and close the case. Each party must bear its own fees and costs.

**SO ORDERED** this the 22nd day of January 2020.

_____
Steven D. Grimberg
United States District Court Judge